# Fraser, Appellant, *v.* Stratford.

*Contract—Sale—Evidence—Principal and agent—Case for jury.*

1. In an action to recover the price of a tombstone purchased by defendant through a salesman of the plaintiff, a verdict and judgment for defendant will be sustained where the evidence shows that the stone ordered was to be a duplicate of the one shown to the salesman, and that the stone furnished differed in some material respects from the one that was shown to the salesman.

2. In such a case plaintiff was asked on an interrogatory, through a commission, to state what authority he had conferred on the salesman in taking orders for tombstones. He answered by saying that the salesman's "only authority was to receive orders and forward the same to this office." The reply to the interrogatory was objected to by the defendant and ruled out by the court. *Held*, that the court committed no reversible error inasmuch as the rejection of the answer in no way affected the plaintiff.

3. The plaintiff could not have limited by his own testimony the authority which he had conferred upon his agent as salesman, or his representative to receive orders, if it had been different from what was properly to be inferred from his position as such salesman.

*Practice, C. P.—Refusal of new trial—Discretion of court—Assignment of error.*

4. Where there has been no misuse of discretion by the lower court in refusing a new trial, such refusal is not assignable as error.

Argued Oct. 26, 1911. Appeal, No. 114, Oct. T., 1911, by plaintiff, from judgment of C. P. Huntingdon Co., May T., 1910, No. 17, on verdict for defendant in case of Alex. Fraser, trading as Alex. Fraser & Co., v. Charles Stratford. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Assumpsit for price of a tombstone.  Before Woods, P. J. The facts are stated in the opinion of the Superior Court.

Verdict and judgment for defendant.  Plaintiff appealed.

*Errors assigned* were (1) ruling on the evidence, quoted in the opinion of the Superior Court; and (2–11) various instructions; (12) refusal of new trial.

*R. A. Orbison*, with him *W. P. Orbison*, for appellant.

*James S. Woods*, for appellee.

Opinion by Beaver, J., March 1, 1912:

Plaintiff brought his action of assumpsit against the defendant to recover the price of a granite gravestone furnished by him to the defendant, by virtue of an order communicated to his salesman who took the order in person from the son of the defendant, who accompanied the agent to the cemetery in Lewistown where he exhibited a gravestone in place and communicated, as practically admitted as we understand the evidence, to the agent that the stone ordered was to be a duplicate of the one there shown him.

One of the principal questions involved was one of fact as to whether or not the stone furnished was a duplicate of the one shown the agent at the time the order was given, taken down by him in writing and transmitted to the plaintiff.  There does not seem to be any contradiction in the evidence that the stone furnished was not a duplicate of that to which it was to conform in size, color and design.  It is alleged, and practically not denied, that the stone furnished differed in three particulars from the one to which it was ordered to conform—in size, in color and in the details of workmanship—certain tracery upon the stone of which the one furnished was to be a duplicate not being upon it.  Upon the discovery of these discrepancies or differences, the persons for whom the stone

was furnished by the defendant declined to receive it and the defendant reshipped it to the plaintiff to the quarry in New Hampshire from which it came. The questions involved in the case were principally those of fact.

On the trial of the case, the plaintiff's testimony taken on commission, was read, objection being made to the answer to the seventh interrogatory, which was: "If in answer to the last interrogatory, you state that you received the order of defendant through your agent, E. J. Miller, state what authority you had conferred on said Miller in taking orders for tombstones." The reply to this interrogatory was objected to and ruled out by the court. The plaintiff having accepted the order from his agent, was, of course, bound by whatever that agent may have done in pursuance of his authority as his salesman, and it would have been improper, as we view it, for the plaintiff to have limited by his own testimony the authority which he had conferred upon his agent as salesman or his representative to receive orders, if it had been different from what was properly to be inferred from his position as such salesman, or traveling man as he was called. The answer, however, in no way injured the appellant, as we view it. It was: "Mr. Miller was employed as a salesman for us and his only authority was to receive orders from the retail dealers and forward the same to this office." Inasmuch as the salesman simply took the order from the defendant's son or agent and forwarded it, and it was accepted by the plaintiff, we can see no harm to the plaintiff's cause by the rejection of this answer. It did not limit the authority of the plaintiff, and it remained practically the same. The order taken by the salesman or agent having been accepted by the plaintiff, and a correspondence at considerable length having been carried on between the plaintiff and the defendant, we cannot see that the rejection of this answer in any way affected the plaintiff, or that its reception would have affected the defendant injuriously. The action of the court being upon a question entirely im-

material to the issue, therefore, does not constitute reversible error.

Ten of the remaining assignments of error relate to the charge of the court and the answers to points. We see no error in the charge, nor in the answers to points. The issue was a very simple one, based, as we have already said, largely upon a question of fact. The court very fully passed upon that question, going into the details of the transaction at much greater length than is usual, but in no way, as we view it, unfairly to either side. The evidence adduced by the plaintiff was not minimized, nor was that introduced by the defendant magnified or exaggerated in any way. The fact that the stone furnished was not a duplicate of that to which it was to be similar being fairly established, the responsibility for and upon whom the differences rested was largely the question in the case. Admitting that the party responsible for the size may be considered somewhat doubtful, it does not seem to us that there was much question as to the responsibility for the difference in color and the lack of the tracery which was absent, the salesman or agent who took the order having apparently neglected any reference to the tracery and the difference in color being, as the plaintiff practically admitted, unavoidable from his point of view. If this were the case, he should, of course, have declined to undertake to furnish a duplicate, particularly in view of the fact that a small sample or spawl from the stone to be duplicated had been furnished him.

The twelfth assignment of error relates to the refusal of the court to grant a new trial, which, under usual conditions, is not assignable for error. There was no misuse of discretion, as we view it, in the refusal of the court to grant a new trial and, under those circumstances, we have always held that such a refusal is not assignable for error.

A careful consideration of all of the assignments of error and of the entire testimony fails to convince us that the trial court has been fairly charged with reversible error.

Judgment affirmed.